```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


NEFTALI R. ROMAN,                :
        Plaintiff,               :
                                 :              PRISONER
     v.                          :    CASE NO. 3:12-cv-1707(JBA)
                                 :
WARDEN SEMPLE, et al.,           :
        Defendants.              :
```

INITIAL REVIEW ORDER

Pursuant to the court's January 3, 2013 order, the plaintiff has filed an amended complaint pro se under 42 U.S.C. § 1983 (2000). He names as defendants Warden Semple, Counselor Calderon, Unit Manager Captain Angelopollis, Deputy Warden Falcone, Correctional Officer Lopez, Lieutenant Comacho, Mailroom Clerk Adams and Correctional Officer Diaz. As the plaintiff only seeks damages, the court assumes that all defendants are named only in their individual capacities.

I.   Standard of Review

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the

strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

II. Allegations

In the order to amend, the court noted that the plaintiff had not alleged facts suggesting that any defendant was responsible for the general statements in the complaint.  The court also explained that claims of verbal harassment were not cognizable in a section 1983 action and that claims against supervisory officials are not cognizable without a demonstration of an affirmative link between the actions of the supervisory official and the plaintiff's injury.  The court also noted that, although the plaintiff alleged the denial of paper, pens,

envelopes, notary services and legal calls, he completed his complaint, had it notarized and mailed it to the court.  See Doc. #9.

In response to the court's order, the plaintiff alleges that defendant Calderon, the Unit Counselor, is responsible for providing legal calls, hygiene supplies, copies and access to a notary, pens, papers and envelopes for indigent inmates. Defendant Calderon has refused to provide these items and services to the plaintiff.  Defendant Calderon also is the grievance coordinator.  In that capacity, defendant Calderon had not responded to several of the plaintiff's grievances.  When the plaintiff complained to defendant Angelopollis, defendant Calderon's supervisor, he was directed to address the matter with defendant Calderon.  Defendants Semple and Falcone have not responded to the plaintiff's letters regarding this impasse.

The plaintiff also alleges that his mail, both incoming and outgoing, regular and legal, is being tampered with.  Outgoing mail does not reach its intended destination and correctional staff does not respond to his inquiries.  The plaintiff alleges that defendant Semple determined which inmates' mail is reviewed. The plaintiff alleges that defendants Calderon and Adams are the ones actually tampering with his mail, but notes that defendants Angelopollis, Semple, Falcone, Comacho, Diaz and Lopez also have access to prisoner mail.

3

Finally, the plaintiff alleges that defendants Comacho, Diaz and Lopez have made threats and racial comments toward him and that all of the defendants have been judging him based on his race, sexual orientation and criminal history.

III. Analysis

A. Verbal Harassment and Judgment

Despite the court's explanation that claims of verbal harassment were not cognizable in a section 1983 action, the plaintiff has included the same allegation in his amended complaint. The claim for verbal harassment against defendants Comacho, Diaz and Lopez is dismissed pursuant to 28 U.S.C. § 1915A. See Purcall v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) (holding that claims of verbal harassment without accompanying injury do rise to the level of Eighth Amendment violations).

The plaintiff states in conclusory fashion that all of the defendants judge him based on race, sexual orientation and criminal history. The plaintiff alleges no facts to support this statement. Such conclusory statements are insufficient to afford the defendants fair notice of the claim and the grounds upon which it is based. Thus, this statement fails to set forth a plausible claim. Any claim of discriminatory judgment is dismissed pursuant to 28 U.S.C. § 1915A. See Twombly, 550 U.S. at 555-56, 570.

B.   Response to Grievances

The plaintiff alleges that defendant Calderon failed to respond to his grievances. Although the First Amendment right to petition the government for redress of grievances protects a plaintiff's right to file a grievance complaining that a prison official has wronged him, it does not require that someone respond to the grievance. Thus, the plaintiff has no constitutionally protected right to receive a response to his grievance. See, e.g., Hayes v. County of Sullivan, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (prisoner has no constitutional right to prison grievance procedure or to have his grievance investigated). This claim against defendant Calderon is dismissed pursuant to 28 U.S.C. § 1915A.

C.   Denial of Hygiene Items

The plaintiff also alleges that defendant Calderon denied him hygiene products. The denial of hygiene products for a limited period does not rise to the level of a constitutional violation. See, e.g., Silber v. Pallito, No. 1:09-CV-73, 2011 WL 1225594, at *10 (D. Vt. Feb. 7, 2011) (temporary denial of basic toiletries does not violate the Eighth Amendment (citing cases)), recommended ruling adopted as modified in other respects, 2011 WL 1225588 (D. Vt. Mar. 31. 2011); Fernandez v. Armstrong, No. 3:02CV2252, 2005 WL 733664, at *5 (D. Conn. Mar.30, 2005) (denial of hygiene items including a toothbrush, toothpaste, soap, and

shampoo for a period of sixteen days does not allege a violation of Eighth Amendment rights (citations omitted)).

    D.   <u>Mail Tampering / Denial of Access to the Courts</u>

The denial of paper, pens, copies, envelopes and notary services is cognizable as a denial of access to the courts. The plaintiff's claim of interference with his legal mail also falls in this category. <u>See</u> <u>Davis v. Goord</u>, 320 F.3d 346, 351 (2d Cir. 2003) (interference with legal mail implicates a prisoner's right of access to the courts). To state a claim for denial of access to the courts, the plaintiff must allege facts showing that the defendant "took or was responsible for actions that hindered [his] efforts to pursue a legal claim." <u>Id.</u> (internal quotation marks and citations omitted). The plaintiff must demonstrate an actual injury, such as the dismissal of an otherwise meritorious legal claim because of the defendants' actions. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 353 (1996). The plaintiff has not alleged any facts suggesting that he suffered an actual injury. In fact, the court noted in the order to amend that the plaintiff had the ability to file his complaint in this action without apparent difficulty. Accordingly, the claims for denial of access to the courts are dismissed without prejudice pursuant to 28 U.S.C. § 1915A.

Although non-legal mail is protected under the First Amendment, it is afforded less protection than legal mail and

6

isolated incidents of mail tampering are not cognizable under section 1983.  See Edwards v. Horn, No. 10 Civ. 6194(RJS)(JLC), 2012 WL 760172 at *7 (S.D.N.Y. Mar. 8, 2012).  The plaintiff fails to allege sufficient facts to demonstrate a plausible claim for interference with his non-legal mail.  Accordingly, this claim is dismissed without prejudice.

### ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)  The amended complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)  The plaintiff may file a motion to reopen along with a proposed second amended complaint.  The proposed second amended complaint may include only the following claims:  the claim against defendant Calderon for denial of hygiene products and paper, pens, copies and envelopes and the claim of mail tampering.  The plaintiff must include **specific allegations** regarding these claims including, but not limited to, specific examples of mail tampering, dates on which the alleged tampering occurred, the dates during which hygiene products were denied, and how each defendant was involved in the specific incidents.  The plaintiff must include allegations satisfying the deficiencies in each of these claims outlined above, such as facts showing that he suffered an actual injury to support the

7

claims for denial of access to the courts.  Any motion to reopen and proposed second amended complaint shall be filed within **twenty-one (21) days** from the date of this order **or by April 30, 2013**.  If the court has not received a motion to reopen and proposed second amended complaint within the specified time, the case will be dismissed without prejudice.

  **SO ORDERED** this 9th day of April 2013, at New Haven, Connecticut.

             /s/_____
             Janet Bond Arterton
             United States District Judge